**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-2224

DONNA M. HODGES,

Plaintiff - Appellant,

versus

PHILIP MORRIS USA, INCORPORATED; THE BAKERY,
CONFECTIONERY AND TOBACCO WORKERS AND GRAIN
MILLERS INTERNATIONAL UNION, AFL-CIO-CLC,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (CA-03-87)

Submitted:  January 30, 2004      Decided:  February 20, 2004

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jay J. Levit, LEVIT, MANN, HALLIGAN & WARREN, P.C., Richmond,
Virginia, for Appellant.  Patricia K. Epps, Michael L. Walton,
HUNTON & WILLIAMS, Richmond, Virginia; James J. Vergara, Jr.,
VERGARA & ASSOCIATES, Hopewell, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Donna M. Hodges filed a "hybrid" complaint under § 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a) (2000) against Phillip Morris USA, Inc. and the Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, AFL-CIO-CLC. Hodges claimed she was discharged by Phillip Morris without just cause in violation of the collective bargaining agreement and the Union breached its duty of fair representation. She appeals the district court's order granting summary judgment to the Defendants. We affirm.

We review a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). We must view the factual evidence, and all justifiable inferences drawn therefrom, in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

As a hybrid complaint under § 301, a cause of action will lie against Phillip Morris only if the Union breached its duty of fair representation. Thompson v. Aluminum Co. of America, 276 F.3d 651, 656 (4th Cir. 2002). A union is found to have breached its duty of fair representation if it acted "arbitrarily,

- 2 -

discriminatorily or in bad faith." Id. at 657. "The union's conduct must be grossly deficient or in reckless disregard of the member's rights." Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411 (4th Cir. 1986) (internal quotation marks and citations omitted).

We find the Union did not breach its duty of fair representation. Its conduct was not arbitrary. Nor is there any evidence of discrimination or bad faith.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED